**Rosendo Guzman RAMIREZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–85–00193–CR.**

Court of Appeals of Texas, El Paso.

June 4, 1986.

Enrique Ramirez, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., El Paso, for appellee.

Before STEPHEN F. PRESLAR, C.J., and OSBORN and SCHULTE, JJ.

## OPINION

OSBORN, Justice.

Can one who hitchhikes a ride on a freight train thereby commit theft of a service? The answer is "no," and Appellant's conviction must be reversed.

Rosendo Guzman Ramirez and three other illegal aliens, i.e., undocumented workers, were picked up by railroad security officers on a Houston-bound freight train at a rail yard in El Paso. The officers found a trailer on a flat-rail car in the early morning hours with a door open and a broken seal which they replaced. Shortly thereafter, they saw someone near this same trailer. An inspection revealed that the seal had been broken again and the trailer door was open. Within a few minutes, the Appellant and three others were arrested within the immediate area and two of the four were actually inside the trailer. Nothing had been removed from the trailer. Although the officers identified Appellant as one of the persons in the trailer, he testified he was outside near the wheels. He said he was on his way to Houston to seek employment. A jury found him guilty of burglary of a vehicle and the court placed him on probation for four years.

By three grounds of error, the Appellant contends the evidence is insufficient to support his conviction for burglary of a vehicle. Specifically, he contends there is no evidence of an intent to commit theft. The State argues that his seeking a free ride on the railroad shows an intent to commit theft of service under Section 31.04, Texas Penal Code. The burglary of a vehicle statute, Section 30.04, Texas Penal Code, provides:

(a) A person commits an offense if, without the effective consent of the owner, he breaks into or enters a vehicle or any part of a vehicle with intent to commit any felony or theft.

The State's attempt to show that the intent to commit theft results from a theft of service fails because Section 31.04(a), Texas Penal Code, states:

A person commits theft of service if, with intent to avoid payment for service that he knows is provided only for compensation:

(1) he intentionally or knowingly secures performance of the service by deception, threat, or false token;

This was not a passenger train that provided service "only for compensation." This was a freight train and it did not provide passenger service to Houston "for compensation." "Riding-the-rails" may constitute criminal trespass, but in this case the evidence did not establish burglary of a vehicle. We sustain Grounds of Error Nos. One and Two.

The judgment of the trial court is reversed and the case is remanded for entry of a judgment of not guilty.